| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x
ROODY THOMAS,

                       Plaintiff,

   -versus-

N.Y.P.D.; DOC N.Y.C.; Rikers Island (C95/C73);
Correction Officers,

                       Defendants.
-----------------------------------------------------------------x

MEMORANDUM
AND ORDER

12-CV-6327 (JG) (LB)

JOHN GLEESON, United States District Judge:

       On December 27, 2012, plaintiff Roody Thomas, currently incarcerated at the Mid-Hudson Forensic Psychiatric Center, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Thomas seeks money damages on account of physical abuse, mental pain and anguish, and emotional distress caused by an alleged assault by a number of corrections officers. I grant Thomas's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and direct plaintiff to file an amended complaint within 30 days as set forth below.

A.   *Background*

       Thomas alleges that at some point, he was assaulted by Captain William, Badge #820 and "about 10 other officers." Compl. at 4. He sustained many injuries and was hospitalized for six days at Bellevue Hospital. *Id.* Thomas does not provide the date (or dates) or the location of the assault, but refers to having spoken to "Internal Affairs in 2008." *Id.* Plaintiff named the New York Police Department ("NYPD"), the New York City Department of Correction ("DOC"), Rikers Island and unnamed "Correction Officers" as defendants. *Id.* at 1-2.

B.   *Standard of Review*

       In reviewing the complaint, I am mindful that Thomas is proceeding *pro se* and

that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and ellipsis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, I am required to dismiss *sua sponte* an *in forma pauperis* action if I determine it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

C.     *Section 1983*

To sustain a claim brought under 42 U.S.C. § 1983, Thomas must show that the defendants (a) acted under color of state law (b) to deprive him of a constitutional right. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). Here, Thomas alleges that he was assaulted by correction officers, including Captain William, Badge #820, that resulted in injuries that required hospitalization. Plaintiff names two city agencies and "Correction Officers."

(1)     *City Agencies*

The complaint cannot proceed against the NYPD or the DOC, including Rikers Island. Section 396 of the Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396

2

(2009), available at http://www.nyc.gov/html/charter/downloads/pdf/citycharter2009.pdf.

This provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, cannot be sued. *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Adams v. Galletta*, 966 F.Supp.210, 212 (E.D.N.Y. 1996) (DOC not a suable entity). Because Thomas cannot name these city agencies as defendants, the complaint is dismissed as to the NYPD, the DOC and Rikers Island for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

However, I grant leave to amend the Complaint within 30 days to add New York City as a Defendant and to allege facts, if any, that establish liability against a municipality. For liability to attach against a municipality under section 1983, a plaintiff must establish the existence of an officially adopted custom or policy that caused him injury, or a causal connection between that policy or custom and the violation of a constitutional right. *See Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978).

(2)   *Statute of Limitations*

Plaintiff does not provide the date or dates of the events described. He alleges that he "spoke to Internal Affairs in 2008." The statute of limitations for a § 1983 action arising in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994), and, in most cases, a cause of action under § 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action," *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, Thomas does not provide the date of the alleged assault that

3

caused his injuries, but if the claim arose in 2008, his complaint is time-barred since it was filed on December 27, 2012, after the three-year statute of limitations had elapsed sometime in 2011.

However, the statute of limitations period can be equitably tolled if Thomas can show that extraordinary circumstances prevented him from timely filing the complaint and that he acted with reasonable diligence throughout the period he seeks to toll. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *Covington v. New York City Police Dep't*, 471 F. App'x. 28, 29 (2d Cir. 2012).

Before dismissing the complaint as time-barred, however, I am obligated to provide Thomas with an opportunity to be heard on whether the complaint is time-barred and, if so, whether there are any facts to support equitable tolling of the statute of limitations period. *Abbas*, 480 F.3d at 640. Therefore, in his amended complaint, Thomas must do his best to identify the date or time period of the assault and, if applicable, to describe any facts to show that he is entitled to equitable tolling of the three-year statute of limitations period. Specifically, if he was incapacitated for any length of time during the tolling period, he should identify those facts in his amended complaint. *See Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (discussing how mental impairment can be relevant to the equitable tolling inquiry).

(3) *Personal Involvement*

As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). If Captain William

4

and other officers were allegedly involved in the assault, then Thomas must name these individuals in the caption and in the body of the amended complaint as set forth below. If Thomas cannot identify the individual defendant(s) by name within the time allowed in this Order, he may designate them as John (or Jane) Doe #1, and so on. For example, *Correction Officer John Doe #1, employed at _____ on \_\_\_\_\_ (date) and _____ (time); Correction Officer John Doe #2, employed at _____ on \_\_\_\_\_ (date) and _____ (time).* Thomas should also provide as much identifying information about each defendant as he can. Also, in his amended complaint, Thomas must describe how each defendant – whether he knows the person's name or not – was personally involved in the assault.

D. *Leave to Amend*

In order to proceed with this action, Thomas must file an amended complaint within 30 days naming as best he can the individual correction officers who were involved in the alleged assault. In the amended complaint, Thomas must (1) identify the date of the alleged assault, if known, as well as any reasons for the delay in bringing this suit; (2) name (or identify as best he can) all persons involved in the alleged assault, including a brief description of what each defendant allegedly did or failed to do; and (3) if he decides to name the City of New York as a Defendant, plead any facts in support of municipal liability. Furthermore, if the events he complains about happened in 2008, the amended complaint shall be dismissed as time-barred unless Thomas can show facts to support equitable tolling of the three-year statute of limitations period.

E. *Conclusion*

The complaint, filed *in forma pauperis*, is dismissed as to the New York City

Police Department, the New York City Department of Correction and Rikers Island (C-95/C73) pursuant to 28 U.S.C. § 1915A(b). However, I grant Thomas leave to file an amended complaint within 30 days from the entry of this order as set forth above. All proceedings shall be stayed for 30 days or until Thomas files an amended complaint. If Thomas elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 12-CV-6327 (JG) (LB).

The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915A. If Thomas fails to file an amended complaint within 30 days from the entry of this order, judgment shall enter dismissing this action in its entirety for the reasons set forth herein. 28 U.S.C. § 1915A. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

_____
JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      February 4, 2013