UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x   NOT FOR PUBLICATION

ROODY THOMAS,

                               Plaintiff,

   -against-

CAPTAIN WILLIAMS, BADGE # 820,
JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, JOHN DOE #5,

                               Defendants.
-------------------------------------------------------------------x

MEMORANDUM
AND ORDER

12-CV-6327 (JG) (LB)

JOHN GLEESON, United States District Judge:

        On December 27, 2012, plaintiff Roody Thomas, then incarcerated at the Mid-Hudson Forensic Psychiatric Center, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Thomas sought damages on account of physical abuse, mental pain and anguish and emotional distress caused by an alleged assault by a number of correction officers. Compl. 4, ECF No. 1. On February 4, 2013, I dismissed his claims against the New York Police Department ("NYPD") and the Department of Correction ("DOC"). However, I directed him to file an amended complaint within 30 days elaborating on his allegations against individual corrections officers.

        Thomas filed an amended complaint on March 25, 2013.[1] In it, he alleges that the alleged assault indeed took place in 2008. He further alleges that "Captain Williams badge # 820 and several other officers assault[ed] him on over five different occasions" in 2008. Am. Compl. 4, ECF No. 9. Since the statute of limitations for claims arising under 42 U.S.C. § 1983 is three years, this claim is likely time-barred absent equitable tolling.

---

      [1]     My order directing Thomas to file an amended complaint was mailed to Thomas's last known address at Mid-Hudson Forensic Psychiatric Center in New Hampton, New York; his mail was returned to sender, *see* Doc No. 7. Thereafter, the Court learned that Thomas is currently being held at the Anna M. Kross Correctional Facility. The order was mailed to his new address, and I granted Thomas additional time to file his amended complaint. *See* Doc. No. 8.

The Second Circuit has indicated that mental incapacity may be relevant to the equitable tolling inquiry. *See Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (recognizing that medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances meriting equitable tolling). Thomas's original complaint presents facts that suggest that mental incapacity may be a factor in this case. At the time he filed the original complaint, Thomas was confined at the Mid-Hudson Forensic Psychiatric Center. *See* Compl. 2, ECF No. 1. The Mid-Hudson Forensic Psychiatric Center provides services to patients admitted by court order "consequent to judicial findings of 'incompetent to stand trial' or 'not responsible by reason of mental disease or defect.'" Office of Mental Health http://www.omh.ny.gov/omhweb/facilities/mhpc/facility.htm (last visited April 1, 2013).

Accordingly, Thomas's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. Insofar as he seeks relief against Captain Williams, Badge #820, and other unidentified individuals employed by the New York City Department of Correction on Rikers Island, the Court allows those claims to proceed. The Clerk of Court shall prepare a summons against defendant Captain Williams, Badge #820, and the United States Marshals Service shall serve the summons, complaint, amended complaint and a copy of this order upon this defendant without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

However, plaintiff has not identified the other individual defendants consisting of Officers John Doe 1-5, employed by the New York City Department of Correction on Rikers Island in 2008. The United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance

from the district court in identifying a defendant.   I leave that task to the magistrate judge assigned to the case.

        So ordered.

                                          John Gleeson, U.S.D.J.

Dated:  April 4, 2013