UNITED STATES DISTRICT COURT                    <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK

ROODY THOMAS,

                                  Plaintiff,            <u>MEMORANDUM</u>
                                                        <u>AND ORDER</u>
                - versus -                              12-CV-6327

CITY OF NEW YORK, CAPTAIN
MICHAEL WILLIAMS, and JOHN DOE 1-5

                                  Defendants.

JOHN GLEESON, United States District Judge:

        Roody Thomas filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the

City of New York (the "City") and Corrections Captain Michael Williams, alleging that he was

assaulted numerous times by Williams and five unknown corrections officers.  The defendants

move to dismiss the complaint pursuant to Rule 12(b)(6).  I heard oral argument on March 28,

2014, at which Thomas appeared by video link.  For the reasons stated below, the defendants'

motion to dismiss is granted.

BACKGROUND

  A.  *Factual Allegations*

        Thomas alleges the following facts, which I accept as true for the purposes of

deciding this motion.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

        In 2008, while incarcerated at the Anna M. Kross Center and George Motchan

Detention Center at Rikers Island, Thomas was beaten unconscious on four or five occasions by

Williams and other unknown corrections officers.  Second Am. Compl., ECF No. 12, at 5.

Thomas believes that Williams perpetrated these assaults because Thomas is a Rastafarian and

Williams does not like Rastafarians.  *Id.* at 4.  As a result of these beatings, Thomas suffered

memory loss and was sent to Bellevue Prison Hospital for medical treatment.  *Id.* at 2.  Thomas

was treated at Bellevue for six days and received physical therapy for several months.  *Id.* at 5.

Thomas also suffered mental anguish, physical pain, and emotional distress.  *Id*.  He is seeking

$100,000,000 in damages.  *Id.* at 4.

    B.  *Procedural History*

            Thomas filed his initial complaint on December 27, 2012, while incarcerated at

the Mid-Hudson Forensic Psychiatric Center, alleging that Williams and other unidentified

corrections officers assaulted him on several occasions.  Compl., ECF No. 1.  The original

complaint did not specify when the assaults occurred, but it did allege that Thomas spoke with

Internal Affairs in 2008, presumably about these incidents.  *Id.*  In an order granting Thomas

leave to proceed *in forma pauperis* dated February 3, 2013, I informed Thomas that the action

would be dismissed as untimely unless he was able to show that he was entitled to equitable

tolling of the three-year statute of limitations for § 1983 claims.  *See* Mem. and Order, ECF No.

6.  Specifically, I instructed Thomas to include in his amended complaint any facts showing that

he was incapacitated for any length of time during the tolling period.  *Id.* at 4.

            Thomas filed an amended complaint on March 25, 2013, which specified that the

alleged assaults took place in 2008, but did not include any facts to support tolling the statute of

limitations due to incapacity.  Am. Compl., ECF No. 9, at 4.  On April 10, 2013, Thomas filed a

second amended complaint, which lists "the year of 2008" as the date of the alleged beatings.

Second Am. Compl., ECF No. 12, at 4.  Thomas alleges in the second amended complaint that

he "is unable to remember exact dates due to loss of memory from the beatings," but does not

allege any other facts relating to mental incapacity during the relevant period.  *Id.* at 3.

On January 15, 2014, Magistrate Judge Lois Bloom held a telephone conference with Thomas and counsel for defendants.  *See* Transcript of Proceedings held on 1/15/14, ECF No. 31.  During this conference, Judge Bloom sought to determine if Thomas had been incapacitated at any point during the tolling period, but again no facts came to light tending to show that Thomas was unable to file this action in the three years after the alleged assaults occurred.  *Id.* at 5-6.

DISCUSSION

A.  *The Standard of Review*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012).  In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)).  In deciding a motion to dismiss, a court considers "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ."  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

Courts are required to read *pro se* complaints liberally; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The court must therefore interpret a *pro se* complaint "to raise the strongest

arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)).  This is especially true where the *pro se* plaintiff asserts civil rights violations.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Nevertheless, a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), including pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

B. *42 U.S.C. § 1983 Claims*

    1. *Statute of Limitations*

        Defendants argue that Thomas's claims are time barred because his original complaint was filed in December 2012, which is more than three years after the assaults are alleged to have occurred.  Defs. Mem. at 3.  "In section 1983 actions, the applicable limitations period is found in the 'general or residual state statute of limitations for personal injury actions.'" *Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  Section 1983 actions in New York are thus governed by New York's three-year statute of limitations for unspecified personal injury actions.  *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (citing N.Y. C.P.L.R. § 214(5)).  Accordingly, this action is time-barred unless Thomas can show that he is entitled to either statutory or equitable tolling.  *See Carmichael v. Hobbs*, No. 07-CV-2022, 2010 WL 3925198, at *1 (E.D.N.Y. Oct. 1, 2010) (plaintiff has the burden of showing that untimely claims are tolled).  Section 1983 actions also borrow state tolling rules.  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).

    Under New York law, tolling due to an alleged mental defect is controlled by N.Y. C.P.L.R. § 208.  Section 208 provides that

> [i]f a person entitled to commence an action is under a disability
> because of . . . insanity at the time the cause of action accrues, and
> the time otherwise limited for commencing the action is three years
> or more . . . , the time within which the action must be commenced
> shall be extended to three years after the disability ceases . . . .

N.Y. C.P.L.R. § 208.  "The person claiming the benefit of the toll must establish that the mental affliction either existed at the time of the accrual of the cause of action, or that it was caused by the event upon which the lawsuit is predicated."  *Dumas v. Agency for Child Dev.-N.Y. City Head Start*, 569 F.Supp. 831, 832 (S.D.N.Y. 1983); *see also Luciano v. City of New York*, 684 F. Supp. 2d 417, 420 (S.D.N.Y. 2010)

The tolling provision of § 208 applies only to those "who are unable to protect their legal rights because of an over-all inability to function in society," *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (1982), and "is construed narrowly."  *Luciano*, 684 F. Supp. 2d at 420.  "Indeed, apathy, depression, post-traumatic neurosis, psychological trauma and repression therefrom or mental illness alone have been held to be insufficient without a demonstrated inability to function."  *Reyes v. City of New York*, No. 00-CV-1050, 2000 WL 1505983, at *6 (S.D.N.Y. Oct. 5, 2000) (citations omitted); *see also McEachin v. City of New York*, No. 03-CV-6421, 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) (noting that "depression, strained relationships and behavioral disorders are not uncommon issues facing the prison population as a whole and do not rise to the level of insanity [under § 208]").

Thomas does not carry the burden of establishing that he suffers from the type of incapacitating mental impairment that triggers § 208's tolling provision.  Nothing in Thomas's pleadings, even construed liberally, shows that he was incapacitated during this period.  As discussed above, Magistrate Judge Bloom gave Thomas the chance to orally supplement his

pleadings at the January 2014 conference; however, no additional facts relevant to this inquiry came to light at that time.

In sum, Thomas fails to establish entitlement to equitable tolling and the action is dismissed for that reason. I take comfort in rendering that decision from the evidence attached to defendants' submission, which demonstrates that Thomas was able to take steps to protect his legal rights in the three years after the alleged assaults took place. For example, Thomas filed a Notice of Claim on June 24, 2009, alleging that Williams assaulted him on April 22, 2009. Defs. Mem. Ex. A (Personal Injury Claim Form). He also initiated a Department of Corrections Use of Force Investigation on July 3, 2009, alleging that he was assaulted on four occasions by Williams between March and May 2009. Defs. Mem. Ex. B (Use of Force Investigation). While it is unclear if these are the same alleged assaults that form the basis of this action,[1] Thomas's efforts to take steps to protect his legal rights in the time period after the alleged assaults occurred further demonstrate that the tolling provision of § 208 is not implicated here.[2]

As I noted in the order granting Thomas *in forma pauperis* status, he initiated this action while incarcerated at the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), which provides services to patients admitted by court order "consequent to judicial findings of 'incompetent to stand trial' or 'not responsible by reason of mental disease or defect.'" Mem. and Order, ECF No. 10, at 2 (quoting Office of Mental Health http://www.omh.ny.gov/omhweb/facilities/mhpc/facility.htm (last visited March 31, 2014)). Records attached to defendants' submission show that Thomas was hospitalized at Mid-Hudson from November 26, 2012, to February 25, 2013 – after the three-year statute of limitations had

---

[1]     The Notice of Claim and Use of Force Investigation regard assaults that allegedly occurred in 2009; in this action Thomas alleges he was assaulted in 2008.

[2]     This action would be untimely even if the alleged assaults took place sometime in 2009 rather than in 2008. Defendants note that Thomas was released from custody on August 5, 2009, more than three years before this action was filed. Defs. Mem. at 5 n.1.

already expired.  Defs. Mem. Ex. F (Certificate of Duration Current Hospital Confinement).

Furthermore, the medical records from Thomas's treatment at Mid-Hudson[3] do not support an

inference that Thomas was then suffering from a mental disability that could cause an "over-all

inability to function in society."  *McCarthy*, 55 N.Y.2d at 548; *see also* Defs. Mem. Ex. G (Perry

Report) (stating that Thomas was diagnosed with a mood disorder and marijuana dependence);

*id.* Ex. H (Fullar Report) (same).

    2. *Municipal Liability*

        Defendants also argue that even assuming that the statute of limitations was tolled

or that this action is otherwise timely, Thomas's complaint fails to sufficiently allege that the

City can be held liable under the principles established in *Monell v. Dept. of Soc. Servs.*, 436

U.S. 658 (1978).  Defs. Mem. at 6.  Because I find that Thomas's action is time-barred and

dismiss it on that ground, I need not address the issue of municipal liability.

CONCLUSION

        For the reasons stated above, the statute of limitations was not tolled and this

action is barred as untimely.  Accordingly, the defendants' motion to dismiss is granted.  The

Clerk is directed to enter judgment accordingly and close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 31, 2014
      Brooklyn, New York

---

[3]    To protect Thomas's privacy, the City provided the Court with Thomas's complete medical records from his treatment at Bellevue and at Mid-Hudson for *in camera* review only.